\* Pursuant to Fed. Cir. R. 11(a)(1), the district court forwarded a copy of the docket sheet

(3) Rodriguez's motion for leave to proceed in forma pauperis is granted.

(4) HHS's brief is due within 21 days of the date of filing of this order.

**UPPER MORELAND TOWNSHIP, Commonwealth of PENNSYLVANIA, and Kenneth Johnson (in his official and individual capacities), Plaintiffs–Appellees,**

v.

**James WRIGHT, Defendant–Appellant.**

**No. 03–1352.**

United States Court of Appeals,
Federal Circuit.

DECIDED: June 2, 2003.

Before RADER, SCHALL, and PROST, Circuit Judges.

*ORDER*

SCHALL, Circuit Judge.

Upon review of the file in this recently docketed case, the court considers whether this appeal should be transferred to the United States Court of Appeals for the Third Circuit.

Based upon our review of the limited material transmitted to this court,\* it ap-

---

instead of the record. Thus, our discussion is based only upon the list of items on the dock-

pears that the plaintiffs filed an action in a Pennsylvania state court against James Wright. Apparently, Wright removed the action to the United States District Court for the Eastern District of Pennsylvania. On April 8, 2003, the district court remanded the case to the state court. Wright appeals from that remand order and states that he seeks review by this court.

This court is a court of limited jurisdiction. 28 U.S.C. § 1295. Clearly, this case does not fall within our jurisdiction as described by that statute. Lacking appellate jurisdiction, we must determine whether to transfer this appeal to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631. That statute provides that if we find there is a "want of jurisdiction" we should transfer an appeal "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed" if it is "in the interest of justice." Although it is not clear that the Third Circuit would determine it has jurisdiction over the appeal because generally there is no jurisdiction to review a district court order remanding a case to a state court, *see* 28 U.S.C. § 1447(d), there is one exception if the case is removed pursuant to 28 U.S.C. § 1443 because the case involves civil rights. *See State of Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Davis v. Glanton,* 107 F.3d 1044 (3rd Cir.1997). In his notice of appeal, Wright briefly mentions the applicability of section 1443, and the district court's docket sheet identifies the case as involving "employment discrimination." However, the true nature of the case is unclear based upon the papers transmitted to this court. We deem it the better course to transfer this appeal to the Third Circuit without deciding the appealability

of the remand order and to allow that court to determine whether it has jurisdiction.

Accordingly,

IT IS ORDERED THAT:

This appeal is transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631.

et sheet and the underlying history of this

case is not entirely clear.